**SIERRA CLUB and Environment North Carolina, Petitioners**

v.

**ENVIRONMENTAL PROTECTION AGENCY and Lisa Perez Jackson, Administrator, U.S. Environmental Protection Agency, Respondents**

**Utility Air Regulatory Group and Alabama Power Company, Intervenors.**

Nos. 06–1221, 06–1357, 07–1339.

United States Court of Appeals, District of Columbia Circuit.

March 5, 2009.

Before: ROGERS, GARLAND and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the administrative record and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). It is

**ORDERED** and **ADJUDGED** that, pursuant to the Environmental Protection Agency's ("EPA") concessions and requests, EPA's decisions denying North Carolina's petition under Section 126 of the Clean Air Act, 42 U.S.C. § 7426(b), with regards to both fine particulate matter ("$PM_{2.5}$") and ozone are hereby remanded to EPA for reconsideration.

EPA concedes this Court's holding in *North Carolina v. EPA*, 531 F.3d 896 (D.C.Cir.2008), and its order in that case of December 23, 2008, have eliminated the legal basis for EPA's denial of North Carolina's Section 126 petition with regards to $PM_{2.5}$. EPA likewise concedes the factual predicate for denying North Carolina's petition as to ozone has fundamentally changed, and confirms that regardless of what this Court might decide based on the facts as then found by EPA, the Agency will reconsider its denial of North Car-

olina's petition in light of these new facts. Because "[a]dministrative reconsideration is a more expeditious and efficient means of achieving adjustment of agency policy than is resort to the federal courts," *B.J. Alan Co. v. ICC,* 897 F.2d 561, 562 n. 1 (D.C.Cir.1990), we agree with EPA that a remand for reconsideration is in order. Consistent with the statute, this reconsideration should be expeditious. *See* 42 U.S.C. § 7426(b) ("Within 60 days after receipt of any petition under this subsection and after public hearing, the Administrator shall make such a finding or deny the petition.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.